**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

MARLANA MAFILLE and CHRISTOPHER MAFILLE,

Plaintiffs,

vs.

KAISER-FRANCIS OIL COMPANY,

Defendant.

Case No. 18-CV-586-TCK-FHM

**OPINION AND ORDER**

Plaintiffs' Motion to Quash Subpoenas, For Protective Order, and Request for Expedited Briefing Schedule or Hearing, [Dkt. 24], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 24, 32, 35], and is ripe for decision.

It does not appear that counsel have met and conferred before this motion was filed as required by both the Federal Rules of Civil Procedure and the Local Rules of this Court. Judging by the tone of the emails attached to the briefs and the tone adopted by counsel for both sides in their briefing, it appears that counsel for neither side is amenable to approaching this matter civilly. The approach apparently taken by counsel is not acceptable. Counsel are required to personally meet face-to-face in a sincere good faith effort to resolve differences. LCvR 37.1. Only after such a meeting has occurred will the court consider future discovery matters. Counsel are advised that an exchange of posturing emails will not satisfy the meet and confer requirement and counsel refusing to engage in a good faith meet and confer will bear the expense of future motions. The present motion has been resolved without the required meet and confer to demonstrate to

counsel the breadth of discovery that will be permitted in the belief that the general tenor of this order will guide the counsel going forward.

Defendant issued subpoenas to Plaintiff Christopher Mafille's (Christopher) employer, Unit Corporation, the preschool Plaintiffs' daughter attends, Google, and an entity called BFHO.[1]  Plaintiffs seek an order quashing the subpoenas and the issuance of a protective order prohibiting Defendant "from conducting any further discovery subsequent to the date of Marlana's termination of employment unless approved by this Court."  [Dkt. 24, p. 2].  Plaintiffs request an extraordinary protective order.  By and large even complicated multi-party cases proceed to trial without the need for such court oversight.  Plaintiffs have not demonstrated the need for the entry of such an unusual order.  The request for a protective order is denied.

Plaintiffs have asserted employment discrimination and tort claims, including loss of consortium arising out of Defendant's termination of Plaintiff, Marlana Mafille's (Marlana) employment with Defendant.  Defendant asserts that Marlana's employment was terminated for faulty performance issues, that she abandoned her position, and failed to follow applicable procedures for taking leave.  Defendant further states that following Marlana's termination, it determined that additional grounds existed for termination of her employment, including that Plaintiff was running an on-line clothing business during her work hours, and she allegedly disclosed Defendant's confidential trade secret information to her husband, Christopher.  Plaintiffs argue generally that the information is sought by these subpoenas for the purpose of harassment and that Defendant is not entitled to

---

[1]  BFHO has responded to the subpoena and the motion is moot as to BFHO.  [Dkt. 35, p. 8].

discovery on any topic that relates to reasons that might justify the termination of Marlana's employment which Defendant discovered after her employment was terminated. No authority is offered for this proposition and the court rejects the concept that discovery is somehow frozen at the date Marlana's employment was terminated.

Subpoena to Unit Corporation

Unit Corporation is Christopher's employer. The subpoena seeks: documents demonstrating benefit descriptions and information including leave policies; documents showing what benefits were utilized, and the cost of benefits to Plaintiff; documents related to an email which was attached to the subpoena as an exhibit, but which was not provided to the court; and all documents containing communications between Christopher's work email at Unit Corporation and a list of other email addresses used by the Plaintiffs.

Plaintiffs make a general relevancy argument and also argue that the benefit information sought constitutes collateral source information which in no event would be admissible concerning damages. Plaintiffs also state that Defendant has all emails Marlana may have sent from Defendant's email system and therefore there is no need to make Unit Corporation search for those emails. Defendant asserts that the emails are probative of Marlana's misuse of leave time and conducting other business while on the job. Defendant also states that the emails sought will reflect Plaintiffs' use and dissemination of the trade secrets Marlana shared with Christopher.[2] Defendant further asserts that in view of the

[2] In its briefing Defendant makes assertions about Plaintiffs' failure to conduct any search for electronic data,[Dkt. 32, p. 9], that issue is not before the court and will not be addressed absent a motion filed after the required meet and confer.

loss of consortium claim, Defendant may discover communications respecting the health of the Plaintiffs' marriage. Unit Corporation has not objected to the subpoena.

The court finds that the subpoena to Unit Corporation is properly limited to Request No. 5, which seeks documents from Christopher distributing the alleged Kaiser-Frances trade secrets/confidential communications. The court fails to see how discovery about benefits afforded Christopher by his employer, his family's use of the benefits, and the cost of benefits is relevant even for discovery purposes. The court finds that production of emails between Christopher and Marlana is overly invasive into what may be personal and private conversations between husband and wife. The emails, whatever their content, will not be sufficiently probative of loss of consortium to justify the privacy invasion.

The motion for protective order is granted in part and denied in part as to the Unit Corporation subpoena.

School Subpoena

Montessori Academy of Owasso is the preschool where Plaintiffs' daughter attends preschool. Defendant issued a subpoena to the school seeking production of records from 2017 to the present which reflect attendance at school, reasons provided for absences or tardies, who dropped off or picked up Plaintiffs' daughter, enrollment, and withdrawal from summer programs for 2018. [Dkt. 24-2]. Plaintiffs broadly assert that the child is being used as a tool to punish them for bringing this action and state their belief that it will not be long before Defendant issues subpoenas for their children's medical records and veterinary records for their dog. [Dkt. 24, p. 11]. Plaintiffs also assert that the subpoena hectors the school and speculate that their child could lose her place at the school. [Dkt. 35, p. 5]. Defendant asserts that the school records may show Marlana's work hours and hours she

did not work and that information is relevant to her credibility on the number of hours worked so as to meet the requirements for FMLA leave. The school has not objected to the subpoena.

Plaintiffs have provided no basis for their objections and dire predictions. The court finds that the school subpoena does not seek personal information unrelated to this lawsuit about Plaintiffs' minor child and further that the information is relevant for discovery purposes. The motion to quash is denied as to the Montessori Academy of Owasso.

Subpoena to Google

Defendant issued a subpoena to Google seeking production of: 1) all emails from Christopher distributing the information contained in an exhibit, [Dkt. 24-3, p. 7; Request No. 1]; 2) all communications from January 1, 2017, to the present by and between listed email addresses, *Id.,* Request No. 2; 3) all email and attachments, Google Docs, and calendars associated with the email addresses marlana.mafille@gmail.com and chrismafille@gmail.com over the same time period. *Id*., p. 8; Request Nos. 5 and 6. Defendant also asks for all emails, attachments, and Google Docs from those same emails for the same time period that contain certain search terms. *Id*., Request Nos. 3 and 4. In its response brief Defendant informs the court that Google requires the consent of the owner of the email accounts and asks the court to: 1) order Plaintiffs to sign consents for production from Google using the search terms, and 2) order preservation of the accounts to be held in escrow by a forensic vendor for implementation of the search terms. [Dkt. 32, p. 16]. The court understands this to mean Defendant wants the universe of documents requested from the identified gmail accounts provided to the forensic vendor to be

searched for the specified search terms and that Defendant is content to limit the information it receives to the documents containing the search terms.

Plaintiffs object that the information sought is so overly broad and intrusive into their personal lives that the court should prohibit discovery. They also assert that there has been no attempt to narrow the information sought to focus on Marlana's termination. Defendant responds that it is known that Marlana transmitted trade secrets to Christopher via Google email and they are entitled to discover the degree and full extent of the transmission.

The court finds that, except for Request No 1, which relates to distribution of Defnedant's alleged trade secret information, the subpoena to Google, which seeks all e-mail communications between Plaintiffs' gmail accounts is an unwarranted fishing expedition into what are essentially private communications.

Defendant has access to all email communications residing on its own system and all email communications related to its alleged trade secrets from Unit Corporation. Defendant has, or will receive, email communications from the gmail accounts to Marlana's business enterprise from BHFO. In addition to the privacy concerns, further production from gmail accounts will result in redundant production of the same information. The court is not persuaded that the needs of the case require redundant production, especially with the attendant production of private communications.

The court has reviewed the search terms and finds that many of the terms have no obvious relevance to the case, and many are over-inclusive. The court finds that application of the search terms to Plaintiff's gmail accounts is of low imporance in resolving the issues in the case and the burden of disclosure of private communications outweighs

whatever probative value the production resulting from application of the search terms may have.

The protective order is granted as to the Google subpoena, except for Request No 1, which relates to the distribution of alleged trade secret information. Documents responsive to Request No. 1 from chrismafille@gmail.com are to be provided to Defendant. [Dkt. 24-3, p. 7].

The court's limited research reveals that some courts have found that as an electronic communication service, entities like Google may not respond to a civil subpoena without running afoul of the Electronic Communications Privacy Act. (ECPA), 18 U.S.C. §§ 2701, *et seq. Katz v. Liberty Power Corp.,* 2019 WL 957129 (D. Mass.), *Al Noaimi v. Zaid*, 2012 WL 4758048 (D. Kan.). However, it is not necessary to explore and comment on the provisions of the ECPA because the electronic records may be released with the consent of the subscriber, here Plaintiffs. 18 U.S.C. § 2702(b)(3). The court views requiring Christopher to execute a consent to the release of the information sought by the subpoena in Request No. 1 to be no more invasive than requiring him to open a physical filing cabinet to supply documents responsive to a discovery request. Further, the court views cooperation with discovery as a condition to the prosecution of a lawsuit in federal court. Since the communications described in Request No. 1 to Google are relevant for discovery purposes, Christopher is required to execute an appropriate consent form to facilitate the release of responsive emails.

## CONCLUSION

Plaintiffs' Motion to Quash Subpoenas, For Protective Order, and Request for Expedited Briefing Schedule or Hearing, [Dkt. 24], is GRANTED in part and DENIED in part as set out herein.

Christopher is HEREBY ORDERED to execute an appropriate consent form on or before May 7, 2019, to enable Google to provide documents responsive to Request No 1 from chismafille@gmail.com.

SO ORDERED this 1st day of May, 2019.

Frank H. McCarthy

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE