# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MARLANA MAFILLE and
CHRISTOPHER MAFILLE,

    Plaintiffs,

vs.

KAISER-FRANCIS OIL COMPANY,

    Defendant.

Case No. 18-CV-586-TCK-FHM

## OPINION AND ORDER

Plaintiffs' Motion for Sanctions Pursuant to Fed.R.Civ.P. 37 for Willful Destruction of Evidence, [Dkt. 28], is before the undersigned United States Magistrate Judge. The matter has been fully briefed, [Dkt. 28, 39, 40], and is ripe for decision.

Plaintiff Marlana Mafille was formerly employed by Defendant. Her employment was terminated, in part, for alleged performance issues. Plaintiffs have brought this action against Defendant alleging employment discrimination and asserting common law tort claims. In the course of her employment Mrs. Mafille made use of a computer supplied by Defendant. That computer was not preserved. Plaintiffs seek sanctions against Defendant, including judgment in their favor on every affirmative defense pertaining to her job qualifications and ability, an order prohibiting Defendant from offering any evidence consistent with those defenses, and an appropriate adverse jury instruction. [Dkt. 28, p. 15].

The termination of Plaintiff's employment occurred on July 5, 2018. Plaintiff submitted an EEOC charge of discrimination on August 1, 2018, and a Right to Sue letter was issued on August 15, 2018. Plaintiffs commenced this action in state court on October 23, 2018 (the action was removed to federal court in November, 2018). On October 29,

2018, Defendant's counsel Erica Dorwart, sent an email to Plaintiffs' counsel instructing them about Plaintiffs' obligation to preserve data on all electronic media. [Dkt. 28-10]. In a subsequent email, Ms. Dorwart further lectured Plaintiffs about their duty to preserve evidence. [Dkt. 28-11]. It has been established through the deposition testimony of Kirk Walker, an IT supervisor for Defendant, that Mrs. Mafille's computer and the data thereon was not preserved. On November 3, 2018, Mrs. Mafille's computer was given to a charitable organization with other retired computers and thereafter the data contained on the computer was presumably destroyed. [Dkt. 28-2]. Mrs. Mafille states that she "is unaware of the extent of information that might have been on her [work] computer." [Dkt. 28-15]. However, Plaintiffs assert that Mrs. Mafille's workplace computer was willfully and intentionally destroyed, that it may have provided a "treasure trove" of information concerning her work performance over the entire term of her employment, and that as a result Mrs. Mafille has been irretrievably prejudiced. [Dkt. 28, p. 15].

In defense of its failure to preserve the computer, Defendant makes what the court views as an ill-considered assertion that if Plaintiffs had made a request for the computer earlier than they did, the computer could have been pulled and saved. [Dkt. 39, p. 8]. As evidenced by the emails from Defendant's attorney lecturing Plaintiffs about their obligation to preserve electronically stored evidence, it is abundantly clear that counsel was aware of Defendant's own responsibility in this regard. The duty to preserve the electronically stored evidence exists independent of a specific request that the evidence be preserved. It is exceedingly poor form, and beyond zealous advocacy, for Defendant to attempt to blame Plaintiffs for its own obvious failing. The court finds that Mrs. Mafille's work computer should have been preserved and further that Defendant is solely and entirely at

fault for failing to take reasonable steps to preserve the computer. However, that finding does not necessarily equate to an award of the sanctions Plaintiffs have requested.

Fed.R.Civ.P. 37(e) addresses the topic of failure to preserve electronically stored information and provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

As the ones seeking relief, Plaintiffs have the burden to show that Rule 37(e) is applicable. The requirement of a showing of prejudice is also embodied in case law. "[S]poliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner v. Public Service Company of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009).

Defendant asserts that sanctions are not appropriate because Plaintiffs have not demonstrated they have been prejudiced by the loss of Mrs. Mafille's work computer. According to Defendant, a policy was in place requiring that materials be uploaded to Defendant's LAN Server daily. As a result, there should not have been relevant materials

3

on the subject computer that are not also accessible on the LAN Server.[1] Defendant also asserts that it has requested Plaintiffs to identify what items were on Mrs. Mafille's computer so an attempt can be made to recover the items from the LAN Server, but Plaintiffs have not identified any such items.

Before an order of sanctions may be entered, there must be a showing of prejudice. *See Turner v. Pub.Serv.Co. of Colorado*, 563 F.3d 1136, 1150 (10th Cir. 2009)(finding trial court did not abuse discretion by refusing to impose sanction where there was no evidence that party was "actually rather than theoretically" prejudiced by loss of documents), *Burlington N. & Santa Fe Ry. Co v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007)(district court denial of sanctions affirmed where there was no meaningful evidence of actual, rather than theoretical prejudice). In this case there has been no showing that any information necessary to the prosecution of Plaintiffs' claims or necessary to counter the defenses asserted is unavailable to them. In the absence of such a showing the court must find that Plaintiffs have not suffered any prejudice as a result of the destruction of Mrs. Mafille's work computer.

Plaintiffs' Motion for Sanctions, [Dkt. 28], is DENIED without prejudice to reassertion of the motion if through discovery it is determined that some specific evidence is beyond

---

[1] The court views Defendant's references to its policy requiring daily posting the LAN Server as relevant only to the question of whether the information that was on the computer is otherwise available and the attendant absence of prejudice, not as some sort of safe harbor or excuse for Defendant's failure to preserve the computer, as was its duty.

Plaintiffs' reach because of what the court views as Defendant's clear failure to preserve Mrs. Mafille's work computer.[2] Each party will bear its own costs related to this motion.

SO ORDERED this 21st day of May, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[2] Having left the door open for rearguing sanctions, the court hopes that there will be no need to address the matter further and that the focus of the litigation of the parties' dispute will not devolve into a search for a tenuous basis for sanctions. Counsel for both sides are expected to move forward in a professional and civil manner that has been frankly absent from their papers and attached email communications thus far.