# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MARLANA MAFILLE and
CHRISTOPHER MAFILLE,

        Plaintiffs,

vs.

KAISER-FRANCIS OIL COMPANY,

        Defendant.

Case No. 18-CV-586-TCK-FHM

## OPINION AND ORDER

Four motions are before the court and are ripe for decision: Defendant's Motion to Strike Exhibit 1 to Doc. 40, [Dkt. 42]; Plaintiffs' Motion to Withdraw Document and to Substitute Replacement Exhibit, [Dkt. 46]; Defendant's Motion for Protective Order to Prohibit Deposition of Counsel, [Dkt. 51]; and Defendant's Motion to Quash Subpoena, [Dkt. 52].

The exhibit, [Dkt. 40-1], that is the subject of the motions to strike and withdraw consists of an email string between Defendant's management officials who were involved in the termination of Mrs. Mafille's employment with Defendant. Among those emails is one that refers to Defendant's attorney by name and recites counsel's recommendation that Mrs. Mafille's employment be terminated for reasons listed in that email. Based on the content of that email, Plaintiffs seek to depose Defendant's attorney, Erica Dorwart.

Defendant represents that, in compliance with Fed.R.Civ.P. 26(b)(5)(B) the so-called "claw back" provision, within three days of production of the subject email Defendant notified Plaintiffs that Defendant was claiming a privilege in the email. Under Fed.R.Civ.P. 26(b)(5)(B), the party being so notified must:

> promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

After Defendant advised Plaintiffs of the inadvertent disclosure, Plaintiffs appended the subject email and made reference to its contents in the reply brief in support of Plaintiffs' motion for sanctions.[1] [Dkt. 40]. Defendant asserts that the exhibit and all references thereto should be stricken and Plaintiffs should be barred from further use of the exhibit. In response, Plaintiffs filed a motion to withdraw the exhibit and they seek to substitute a different exhibit. [Dkt. 46]. Plaintiffs argue that the attempt to claw back the email contained in the exhibit is misplaced because they assert the content is not subject to the attorney-client privilege. Plaintiffs also seek to depose Defendant's attorney based, in part, on the content of the subject email.

Rule 26(b)(5)(B) could not be more clear. Once a producing party claims a privilege in materials that have been produced, **no further use** is to be made of the information until the claim of privilege is resolved. As far as Rule 26(b)(5)(B) is concerned, it is immaterial if Plaintiffs disagree with the claim of privilege. Plaintiffs were prohibited from making any use of the information, period. Plaintiffs' belief that Defendants had abandoned their claim of privilege does not excuse their use of the information. It was incumbent upon Plaintiffs to satisfy themselves that was the case. Again, Rule 26(b)(5)(B) is clear. The onus for presenting the information to the court for a determination of privilege is on the party receiving production, here Plaintiffs.

---

[1] The motion for sanctions was denied. [Dkt. 56].

The court rejects Plaintiffs' assertion that Defendants were somehow at fault for producing the subject emails before conducting a full review of every email for privilege. The very existence of Fed.R.Civ.P. 26(b)(5)(B) is intended to facilitate the swift production of discovery by providing some comfort to the producing party that privileges are not waived by production in discovery.

The court has reviewed the subject email and finds that it contains privileged attorney-client communications. The attorney-client privilege is governed by federal common law in this federal question case. Fed.R.Evid. 501. However, the Oklahoma statutes, 12 Okla. Stat. §2502,[2] provide a succinct and accurate summary of the bounds

---

[2] 12 Okla. Stat. § 2502 provides, in relevant part:
A. As used in this section:
1. An "attorney" is a person authorized, or reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation;
2. A "client" is a person, public officer, or corporation, association, or other organization or entity, either public or private, who consults an attorney with a view towards obtaining legal services or is rendered professional legal services by an attorney;
3. A "representative of an attorney" is one employed by the attorney to assist the attorney in the rendition of professional legal services;
4. A "representative of the client" is:
    a. one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client, or
    b. any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client; and
5. A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.
B. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:
1. Between the client or a representative of the client and the client's attorney or a representative of the attorney;
2. Between the attorney and a representative of the attorney;
3. By the client or a representative of the client or the client's attorney or a representative of the attorney to an attorney or a representative of an attorney representing another party in a pending action and concerning a

(continued...)

of the attorney-client privilege. As relevant to this case, the privilege extends to confidential communications made for the purpose of facilitating the rendition of professional legal services to the client or to those reasonably necessary for the transmission of the communication. *See Upjohn v. United States*, 449 U.S. 383, 101 S.Ct. 677, 683, 66 L.Ed.2d 584 (1981)(the privilege exists, in part, to protect the giving of professional advice to those within a company who can act on it). It is clear from the content of the email string that officials employed by Defendant who were involved with the employment decision for Mrs. Mafille were awaiting advice from Defendant's attorney. An email communicating the advice was sent to those within the company who could act on it. The email communicating the advice falls squarely within the attorney-client privilege.

Contrary to Plaintiffs' assertions, this is not a case where a party has attempted to prevent the disclosure of factual information by use of the privilege. There is no factual information contained in the subject email that has not otherwise been disclosed to Plaintiff. Moreover, there is nothing untoward about Defendant having consulted counsel, about Defendant's decision makers discussing counsel's advice, or about their having taken that advice. Defendant is entitled to do all of those things. Further Defendant has not claimed advice of counsel as a defense, or otherwise taken any action inconsistent with preservation of the privilege. Nor has Defendant made any claims that would make Defendant's counsel subject to having her deposition taken in this case.

---

²(...continued)
    matter of common interest therein;
    4. Between representatives of the client or between the client and a representative of the client; or
    5. Among attorneys and their representatives representing the same client.

4

The court is not persuaded by Plaintiffs' claim that "there is a dispute as to the basis for Marlana's termination that only Ms. Dorwart can answer." [Dkt. 62, p. 14]. The reasons for Mrs. Mafille's termination have been communicated to her. There has been no showing that discovery of any evidence supporting those reasons has been denied to Plaintiffs under a claim of privilege. Plaintiffs repeatedly state that Defendant's attorney fired Mrs. Mafille. [Dkt. 62, p. 16]. Even if that were true, Plaintiff have not shown that the identity of who fired Mrs. Mafille has anything what-so-ever to do with establishing liability, damages, or a defense against any claim asserted in this case.

The court finds that Plaintiffs have not demonstrated any basis for taking the deposition of Defendant's attorney. Moreover, taking the deposition of an opponent's attorney, either trial counsel or general counsel, often encumbers the case with burdensome collateral issues which unnecessarily increase the cost of litigation and delay the progress of the case. In *Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir. 1995), the Court considered whether the trial court abused its discretion by entering a protective order against the deposition of opposing counsel. The trial court found that taking the deposition of opposing counsel affects the quality of representation, adds to the burdensome time and costs of litigation, and results in delays to resolve collateral issues raised by the attorney's testimony. *Id*. at 829. The Tenth Circuit ruled that the trial court did not abuse its discretion in granting a protective order to protect defendants from an unnecessary burden. The Court approved of the criteria set out in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) which held that depositions of opposing counsel should be limited to circumstances where it has been shown that: 1) no other means exist to obtain the information than to depose opposing counsel; 2) the information sought is relevant and

nonprivleged; and 3) the information is crucial to the preparation of the case. *Boughton*, 65 F.3d at 829. The Tenth Circuit ruled that a trial court has the discretion to issue a protective order where any one or more of the *Shelton* criteria are not met. *Id*. at 830. In the present case none of the *Shelton* criteria have been met.

The court has found that the subject email which communicates attorney advice to Defendant's employees involved in the termination of Mrs. Mafille's employment is privileged attorney-client communication. As a result, Plaintiffs are prohibited from making any further use of the information concerning advice by counsel contained in the email. In addition to being privileged, counsel's role is not relevant. Plaintiffs are hereby required to return or destroy any copies of the subject emails and are required to take reasonable steps to retrieve the email if it has been distributed. Further, the exhibit containing the subject email, [Dkt. 40-1], will be sealed. The motion which the offending email was offered to support was denied. [Dkt. 56]. No appeal was taken of that order within the time frame permitted by Fed.R.Civ.P. 72(a). Therefore no purpose would be served by allowing Plaintiffs to substitute another exhibit. Accordingly, Plaintiffs' request to substitute a replacement exhibit, [Dkt. 46], will be denied.

## Conclusion

Defendant's Motion to Strike Exhibit 1 to Doc. 40, [Dkt. 42], is GRANTED. Plaintiffs are prohibited from making any use of the information contained in [Dkt. 40-1]. Plaintiffs are required to return or destroy any copies of the subject emails. Plaintiffs are required to take reasonable steps to retrieve the subject emails if they have been distributed. The exhibit containing the subject emails, [Dkt. 40-1] is ordered sealed.

Plaintiffs' Motion to Withdraw Document and to Substitute Replacement Exhibit, [Dkt. 46], is DENIED.

Defendant's Motion for Protective Order to Prohibit Deposition of Counsel, [Dkt. 51], is GRANTED; and Defendant's Motion to Quash Subpoena, [Dkt. 52], is GRANTED.

The parties are to bear their own costs related to these motions.

SO ORDERED this 17th day of July, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE